# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OLGA OVIEDO | § | |
| | § | |
| V. | § | CASE NO. 4:04CV224 |
| | § | (Judge Schell/Judge Bush) |
| LOWE'S HOME IMPROVEMENT, INC. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss or, In the Alternative, to Compel Discovery and for Sanctions (Docket #47). Having considered the motion, the Court is of the opinion that Defendant's motion should be granted and that Plaintiff's case should be dismissed with prejudice.

Defendant filed is motion on May 9, 2005, requesting dismissal pursuant to Federal Rules of Civil Procedure 41(b) and 37(d) for Plaintiff's want of prosecution and failure to provide discovery responses and dates on which she is available for deposition. Plaintiff has never filed a response to Defendant's motion, but has twice re-urged the Court to reconsider its order denying her Motion to Appoint Counsel.

Defendant served its first set of interrogatories and first request for production on Plaintiff on January 25, 2005. Thus, Plaintiff's responses were due by February 28, 2005. Furthermore, on March 2, 2005, April 12, 2005, and April 22, 2005, Defendant's counsel sent correspondence to Plaintiff informing her that her responses were overdue and requesting that she furnish the responses as soon as possible. Plaintiff is yet to respond to Defendant's discovery requests. Plaintiff has also failed to provide Defendant with dates on which she is available for deposition.

As all discovery in this case was to be completed by May 31, 2005, the Court finds Plaintiff's behavior to be unacceptable.

As is indicated by the certificates of conference on Defendant's last four motions, Plaintiff has been unwilling to communicate with opposing counsel in the interest of resolving disputes without Court intervention. In fact, she has been largely unresponsive to any attempts by opposing counsel to communicate with her over the past two months.

Pursuant to Federal Rule of Civil Procedure 41(b), a Defendant may move for dismissal whenever a Plaintiff fails to prosecute her case or comply with the Federal Rules or any order of Court. If the Court grants dismissal on these grounds, such dismissal shall operate as an adjudication on the merits. FED. R. CIV. P. 41(b). Furthermore, pursuant to Federal Rule of Civil Procedure 37(d), a Court may dismiss a case for a party's failure to attend her own deposition or respond to discovery.

Plaintiff has failed to prosecute her case. Although she seemed quite intent upon litigating this matter at the beginning, she has recently all but disappeared, ignoring Defendant's communications and failing to respond to Defendant's motions and other requests. While Plaintiff has not failed to attend a deposition, as one was never noticed, she has failed to comply with Defendant's requests that she provide dates upon which she would be available to be deposed. She has likewise failed to provide any responses, despite Defendant's repeated reminders, to Defendant's discovery requests. The Court has been extremely patient with Plaintiff throughout the course of this litigation, but the Court will not tolerate Plaintiff's apparent disregard for the rules and unwillingness to communicate with Defendant, which has likewise gone out of its way to accommodate Plaintiff in this litigation.

**RECOMMENDATION**

Based upon the foregoing, the Court recommends that Defendant's Motion to Dismiss be GRANTED and that the above titled and numbered cause of action be DISMISSED WITH PREJUDICE for Plaintiff's want of prosecution, failure to comply with the Federal Rules of Civil Procedure, and failure to respond to Defendant's requests for discovery. It is further recommended that all motions not previously ruled on be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of June, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE